UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL No. 26-551 |
| VERSUS | * | SECTION: "A"(4) |
| LAUREN HAYDEL ET AL. | * | |

**ORDER AND REASONS**

Before the Court is the Government's **Motion for Avoidance of Fraudulent Transfer to Separation of Property Regime (R. Doc. 6)**.[1] Defendants oppose the motion **(R. Doc. 9)**. The Motion is considered on the briefs without oral argument.[2] The Court **DENIES** the motion for the reasons set forth below.

This lawsuit was brought by the Government in conjunction with an ongoing criminal matter against Patrick Haydel. *See United States v. Patrick S. Haydel*, No. 2:22-cr-00223. On January 10, 2025, Patrick Haydel, owner and President of HealthPro, pleaded guilty to one count of health care fraud.[3] On October 4, 2022, Patrick Haydel was charged via Bill of Information with one count of conspiracy to commit health care fraud. Pursuant to the Mandatory Victim's Restitution Act (MVRA), Patrick Haydel agreed to pay restitution to Medicare in the amount of

[1] The instant motion was originally filed in the criminal case against Patrick Haydel, *United States v. Patrick S. Haydel*, No. 2:22-cr-00223. The Court *sua sponte* transferred the motion to this civil lawsuit because the issues addressed in the motion are relevant to the civil case, not the criminal matter.
[2] The Court declines Defendants' request for oral argument (R. Doc. 10). Given the extensive litigation and oral argument held on July 14, 2026, on similar matters in Patrick Haydel's criminal case, the Court finds oral argument unnecessary.
[3] No. 2:22-cr-00223, R. Doc. 20, Plea Agreement.

$13,835.417.36.[4] Since Patrick Haydel's guilty plea, the Government has garnished over $2 million in assets, which included property from the community property regime between Patrick Haydel and his wife Lauren Haydel, who have been married since 2000.

On February 23, 2024, considering Patrick Haydel's criminal charges, Patrick and Lauren Haydel executed a Separate Property Agreement ("the Agreement") terminating their community property regime and establishing a separate property regime under Louisiana law.[5] The Agreement was filed into the conveyance records of Terrebonne Parish, and the 32nd Judicial District Court (Judge Jason Dagate) granted the Haydels' Joint Petition to Terminate Community Property Regime and Enter into a Separate Property Regime following an evidentiary hearing.[6] Importantly, the Agreement only created a legally valid, temporal demarcation line concerning asset ownership. All community property acquired before the Agreement remains community property, and all property acquired after the Agreement is now considered separate property.

Pursuant to the Agreement, On March 10, 2024, Lauren Haydel formed MediSLIM Medical Weight Loss LLC ("MediSLIM") as her separate property.[7] Defendants maintain that Lauren Haydel built MediSLIM through her own labor and

[4] *Id.* at 2 & 4.
[5] R. Doc. 9, Defs.' Opp., at 4.
[6] *Id.*
[7] *Id.* at 9.

non-community funds after the Agreement's effective date.[8] The Government provides no evidence to the contrary.

The Government now moves the Court to void the Agreement, arguing that 1) it is akin to a fraudulent transfer since it hinders and delays the Government's authority under the MVRA to enforce collection of a criminal restitution judgment against community property; 2) the restitution judgment is a community obligation; 3) a non-debtor spouse's assets can be garnished under the MVRA to satisfy a criminal restitution judgment; and 5) federal court has the authority under the FDCPA, 28 U.S.C. § 3306 and LA Civ. Code. Art. 3306 to void and annul the state court judgment granting the transfer because it was made with the intent to defraud the United States.[9]

The Court finds the Government's arguments unavailing for one simple reason: the Agreement did not transfer, partition, convey, or reallocate any then-existing community property.

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, provides the exclusive civil procedures for the United States to recover a judgment on a debt. 28 U.S.C. § 3001(a)(1). Among the remedies available under the FDCPA is the avoidance of a fraudulent transfer. 28 U.S.C. §§ 3304, 3306.

Under 28 U.S.C. § 3304(a)(1), a transfer made by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made if: (A) the debtor

[8] *Id.*

[9] R. Doc. 6-1, Memo. in Support of Mot. for Avoidance of Fraudulent Transfer to Separation of Property Regime, at 1.

did not receive reasonably equivalent value in exchange; and (B) the debtor was insolvent at that time or became insolvent as a result of the transfer. A transfer is fraudulent if made with actual intent to hinder, delay, or defraud a creditor, or without receiving reasonably equivalent value where the debtor intended to incur, or reasonably should have believed he would incur debts beyond his ability to pay as they became due. 28 U.S.C. § 3304(b)(1).

In its motion, the Government relies on (1) recorded jail calls between the Haydels; (2) post-writ bank transfers of community funds in July 2025; and (3) information provided in Patrick Haydel's 2025 Financial Disclosure Statement. It argues that "by virtue of [the Agreement], Patrick Haydel transferred/released his undivided one-half interest in all his wife's future assets, earning and revenues to the detriment of the United States."[10] However, as Defendants correctly point out, future earnings are not a presently owned asset capable of transfer. *See Taylor v. Taylor*, 473 So. 2d 867, 870 (La. Ct. App. 4th 1985), *writ denied*, 477 So. 2d 1126 (La. 1985) ("capability for future earning" is not "a community asset to be partitioned"). The Government has not shown that the Agreement executed by the Haydels was fraudulent, and it may not garnish Lauren Haydel's separate property obtained after the Agreement to satisfy a community debt (i.e., Patrick Haydel's restitution judgment).

In fact, the Government has failed to show that any transfer of community assets to Lauren Haydel has occurred at all. As stated above, the Agreement validly

[10] R. Doc. 11, Reply Memo., at 7.

reclassified all future property obtained by either Lauren or Patrick Haydel as separate property, thus terminating the community property regime and Lauren Haydel's obligation to pay community debts from the point of its execution. It did not transfer Patrick Haydel's assets nor previously acquired community property to Lauren Haydel. If the Government has evidence of a genuine transfer of assets from the community regime to Lauren Haydel as her separate property, then the Government must make that showing to the factfinder at the appropriate time.

Accordingly;

**IT IS ORDERED** that the Government's **Motion for Avoidance of Fraudulent Transfer to Separation of Property Regime (R. Doc. 6)** is **DENIED**.

August 13, 2026

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE